# IN THE COURT OF APPEALS OF IOWA

No. 23-2037
Filed October 30, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LATOYA JERE BURTON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

A defendant appeals the court's determination that she has the reasonable ability to pay category "B" restitution. **AFFIRMED.**

Debra S. De Jong, Orange City, for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Tabor, C.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

LaToya Jere Burton appeals the district court's determination that she has the reasonable ability to pay category "B" restitution. Because the court did not err in making that determination, we affirm.

The State charged Burton with: count I, first-degree theft in FECR368925; count I, willful injury causing bodily injury, and count II, assault while displaying a dangerous weapon in FECR372775. She entered an *Alford* plea for reduced charges of second-degree theft, a class "D" felony, in FECR368925 and disorderly conduct, a simple misdemeanor, in FECR372775. The court accepted her plea and dismissed both the remaining counts and a companion misdemeanor case. Because Burton waived her right to a hearing, it imposed her sentences in a written order. Burton also requested the court determine her ability to pay category "B" restitution and filed an accompanying financial affidavit. The court entered two separate orders, one for each case number, that determined she had the reasonable ability to pay. Burton appeals directly from these orders.[1]

---

[1] The State alleges this appeal must be dismissed because Burton is appealing the determination of her ability to pay, not her actual sentence. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (establishing good cause for appeal when a party challenges the sentence, rather than the plea); *but see State v. Gross*, 935 N.W.2d 695, 698 (Iowa 2019) (finding "restitution is part of a sentence," which allows a party to raise it for the first time on appeal). Instead, the State argues Burton should have applied for a writ of certiorari. *See* Iowa Code §§ 910.3(8) (2021) (preventing our court from reviewing ability-to-pay determinations until "the defendant has exhausted the defendant's remedies under section 910.7), 910.7(5) (designating appellate review to "be by writ of certiorari"). In the interests of judicial efficiency, we may treat Burton's notice of appeal as such petition and proceed to its merits. *See* Iowa R. App. P. 6.151(1); *State v. Propps*, 897 N.W.2d 91, 97 (Iowa 2017) (permitting us "to proceed as though the proper form of review was requested by the defendant rather than dismiss the action").

"We review restitution orders for correction of errors at law," noting that the court is given "broad discretion." *State v. Waigand*, 953 N.W.2d 689, 694 (Iowa 2021) (citations omitted). "An offender is presumed to have the reasonable ability to make restitution payments for the full amount of category 'B' restitution." Iowa Code § 910.2A(1) (2023). We similarly presume a court "to have properly exercised its discretion" when it makes such a determination, even when it does not "state its reasons" for the decision. *Id.* § 910.2A(5). Burton can overcome such presumption "by filing the required financial affidavit and submitting to questioning at the hearing." *State v. Estabrook*, No. 22-1713, 2023 WL 5949190, at *2 (Iowa Ct. App. Sept. 13, 2023).

But Burton does not challenge the court's alleged failure to conduct a separate reasonable-ability-to-pay hearing.[2] Instead, she argues that the lack of hearing necessitates her financial affidavit being the *only* evidence considered. But she provides no citation or authority to support this position. *See* Iowa R. App. P. 6.903(2)(a)(8)(3) (waiving issues inadequately argued on appeal). Because Burton bears the burden of establishing error by a preponderance of the evidence, *see Estabrook*, 2023 WL 5949190, at *2, our analysis could end there. But despite Burton's argument to the contrary, the court is required to consider a host of other factors, not just the financial affidavit. *See id.* at *2 (considering the party's "financial affidavit, his skills as a machinist, and his lengthy history of gainful employment"); *State v. Albright*, 925 N.W.2d 144, 161–62 (Iowa 2019) (finding the

---

[2] While the court is generally required to hold such a hearing, *see* Iowa Code § 910.2A, Burton does not argue that the court failed to do so. We therefore do not consider this issue.

court should consider "the financial resources of the defendant," "financial obligations," and "present and potential future financial needs and earning ability of the defendant" in determining reasonable ability to pay (citation omitted)). While Burton's financial affidavit alleged she made only $200 per month, she previously reported to the court that she made $2560 per month.[3] The court was permitted to consider her "earning ability" in making its determination rather than relying solely on reported income. *See Albright*, 925 N.W.2d at 162. We presume such determination was proper, *see* Iowa Code § 910.2A(5), and therefore affirm.

**AFFIRMED.**

---

[3] In her previous financial affidavit, Burton reported she made $16 per hour and worked full-time. We calculated this monthly figure by taking her $16 per hour wage multiplied by forty hours per week multiplied by four weeks per month.